USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 6/3/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
NATALIA JUSCINSKA,

                     **Plaintiff,**

    -against-                                    18-CV-8201 (ALC)

                                             **OPINION & ORDER**

PAPER FACTORY HOTEL, LLC,

                     **Defendant.**

------------------------------------------------------------------ x

**ANDREW L. CARTER, JR., District Judge:**

       Plaintiff Natalia Juscinska (hereinafter, "Plaintiff" or "Ms. Juscinska") brings this action against Defendant Paper Factory Hotel, LLC (hereinafter, "Defendant") alleging violations of the Americans with Disabilities Act ("ADA") and the ADA Accessibility Guidelines ("ADAAG"). Plaintiff seeks injunctive relief and damages pursuant to New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL").

## PROCEDURAL HISTORY

       Ms. Juscinska initiated this action on September 10, 2018. ECF No. 1. Defendant filed a Letter Motion with the Court requesting a pre-motion conference to discuss an anticipated motion to dismiss on October 23, 2018. ECF No. 7. On October 26, 2018, Plaintiff filed an Opposition to Defendant's Letter Motion. ECF No. 8. The Court granted Defendant's request, and, after multiple adjournments, held a Pre-Motion Conference on January 24, 2019. ECF Nos. 9-13. Following the Pre-Motion Conference, the Court granted Plaintiff leave to amend her Complaint, granted Defendant leave to file its Motion to Dismiss, and set a briefing schedule for the Parties. ECF No. 14

In accordance with the briefing schedule set by the Court, Plaintiff filed an Amended Complaint ("FAC") on January 31, 2019. ECF No. 16. On March 12, 2019, Defendant filed its Motion to Dismiss along with supporting documents. ECF Nos. 19-22. Plaintiff filed an Opposition on March 14, 2019, and Defendant replied to Plaintiff's Opposition on March 21, 2019. ECF Nos. 21-22.

Defendant's Motion is deemed fully briefed. After careful consideration, Defendant's Motion to Dismiss is hereby **DENIED**.

## BACKGROUND[1]

Ms. Juscinska is a graduate student in New York City, and she suffers from cerebral palsy. FAC ¶¶ 8, 20. Defendant "owns and/or operates" the Paper Factory Hotel located in Long Island City, New York. *Id.* ¶ 1. Ms. Juscinska alleges that she often takes "stay-cations" in the New York area. *Id.* ¶ 20. In an effort to plan an upcoming "stay-cation," Plaintiff visited Defendant's website in August of 2018. *Id.* ¶ 21. As someone with cerebral palsy, it is important for Plaintiff to be able to "independently asses whether the Hotel is accessible to her." *Id.* According to the Complaint, upon her visit to Defendant's website, Ms. Juscinska found no meaningful accessibility information pertaining to rooms, common areas, or hotel amenities. *Id.* ¶¶ 21, 24. Alternatively, while ample information was provided regarding the features and process for reserving non-accessible guestrooms, Plaintiff was unable to reserve an accessible room. *Id.* ¶ 21. Ms. Juscinska found no accessibility information on the homepage, on the "rooms" page, or on the "sleep" page. *Id.* ¶ 22. The only accessibility information the website did have was an icon in the lower left corner outlining the accessibility features for the visually

---

[1] When determining whether to dismiss a case, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). Pursuant to that standard, this recitation of facts is based on Plaintiff's Amended Complaint and accompanying submissions. *See* ECF No. 16.

impaired and an accessibility page stating Defendant's goals to accommodate the needs of individuals with disabilities. *Id.* ¶¶ 22-23.

The Complaint includes a series of accessibility questions left unanswered by the limited accessibility information provided by Defendants. *Id.* ¶¶ 24-25. Plaintiff alleges that she "will visit [Defendant's website] after the Defendant is compliant with the laws and regulations" to learn about the accessible features of the hotel and determine if it is suitable for her individual accessibility needs." *Id.* ¶ 27.

## STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663.

3

## DISCUSSION

Plaintiff alleges that Defendant violated the ADA by failing to provide an equal opportunity to explore the accessibility features of its hotel as well as failing to provide equal opportunity to reserve an accessible room. Plaintiff cites to 28 C.F.R. § 36.302 in support of her position.

### I. The Americans with Disabilities Act

Title III of the ADA ("Title III") states, in part:

> "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability ... with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others."

42 U.S.C. § 12182(A)(iii); *see Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012). For the purposes of the instant motion, Title III indicates that discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities," as well as "a failure to take such steps as may be necessary to ensure that no individual with a disability is ... denied services ... or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. §§ 12182(2)(a)(ii)-(iii). In general, the ADA must be broadly construed as it was designed to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." *Noel v. New York City Taxi and Limousine Com'n*, 687 F.3d 63, 68 (2d Cir. 2012).

In order to state a claim for a violation of Title III, a plaintiff must demonstrate that (1) she is disabled within the meaning of the ADA; (2) that the defendant own, lease, or operate a place of public accommodation; and (3) that defendant discriminated against her by denying her full and equal opportunity to enjoy the services defendants provide. *See Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008); *Maccharulo v. New York State Dept. of Correctional Services*, 2010 WL 2899751, *3 (S.D.N.Y. July 21, 2010); *see also Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008) (construing the third element to require a plaintiff to demonstrate that defendants discriminated against the plaintiff "within the meaning of the ADA."). Only the third element is disputed in the intstant motion. *See* Def's Mem. Supp. Mot. p. 4, ECF No. 20 ("Def's Mot.").

As stated, at the motion to dismiss stage, a court must accept all factual allegations in a complaint as true. *Faber*, 648 F.3d 104. Here, Plaintiff alleges that she was denied "full and equal opportunity to enjoy the services defendant[] provide[s]." *Camarillo*, 518 F.3d at 156. Plaintiff states that she was denied the opportunity to reserve a room in the manner that other individuals are afforded. FAC ¶ 21. Specifically, she alleges that she was unable to determine which rooms were available to her, which rooms had accessible bathrooms, and whether she would be able to utilize the common areas and any amenities of the hotel. *Id.* ¶¶ 21-22, 24. In sum, upon visiting Defendants website to find a hotel to spend one of her "stay-cations," Plaintiff alleges that the benefits and services provided to other potential guests were not available to her. *Id.* ¶¶ 20-21. At this stage, that is sufficient to state a claim under the ADA.

## II.  28 C.F.R § 36.302(e)(1)

Plaintiff's Complaint heavily cites to guidance on the ADA recently published by the Department of Justice ("DOJ"). 28 C.F.R. § 36.302(e)(1). Section (e)(1) pertains to reservations

made by places of lodging. *Id.* Among other things, it states that a public accommodation that allows customers to make reservations must "[m]odify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms. 28 C.F.R. § 36.302(e)(1)(i). In addition, a public accommodation must:

> "[i]dentify and describe accessible features in the hotel and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to asses independently whether a given hotel or guest room meets his or her accessibility needs."

28 C.F.R. 36.302(e)(1)(ii). Courts in various districts have interpreted Section 36.302(e)(1) indicating that "guidance published by the DOJ on the regulation further clarifies its meaning." *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, 2018 WL 3387679, *4 (S.D. FL May 22, 2018) (citing *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994)). Courts have read Section 36.302(e)(1) to ensure that individuals with disabilities have the opportunity to "reserve hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guest rooms." *Poschmann*, 2018 WL 3387679, *4.

Here, as alleged in the Complaint, Plaintiff was not able to browse Defendant's website and make a reservation with the same efficiency, immediacy, and convenience as those who do not need accessible guest rooms. FAC ¶ 21. Plaintiff was unable to discern the accessible features of rooms that would meet her needs. *Id.* ¶¶ 21, 24. Defendant's website did not provide Plaintiff with the opportunity to evaluate the suitability of common areas and the amenities Defendant provides to its guests. *Id.* Taking the facts in the Complaint as true, it is plausible that, at the time Plaintiff visited Defendant's website, it was not compliant with the ADA as interpreted by the DOJ.

### III. Auxiliary Aid and Service

Defendant claims that "a telephone line which is staffed twenty-four hours, seven days a week by an employee ready, willing, and able to make reservations and provide information concerning accessibility" is a suitable auxiliary aid and service that renders Plaintiff's claims moot. Def's Mot. p. 6. Aside from introducing evidence entirely outside the scope of the Complaint, Defendant misconstrues Plaintiff's claims. Plaintiff's ADA claim is that information is not available for non-accessible rooms in the same manner that it is available for accessible rooms. FAC ¶ 21. Moreover, "[i]irrespective of whether individuals seeking to make reservations can do so by telephone or by email, it is readily apparent that individuals seeking to reserve accessible hotels rooms cannot do so on the Website in the same manner – with the same efficiency, immediacy, and convenience – as those seeking to reserve non-accessible guest rooms." *Poschmann*, 2018 WL 3387679, *4. Defendants seek to boil Plaintiff's Complaint down to the idea that Ms. Juscinska "would rather file dozens of lawsuits than pick up [] the phone once." Def's Mot. p. 6. However, at this stage, the mere availability of a phone service does not mean that Plaintiff has or is treated the same as other individuals. The ability and ease in which someone can research and reserve a room in a hotel is a service. In her Complaint, Plaintiff sufficiently alleges that she was denied that service based on her disability.

### CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss is hereby **DENIED**. In addition, the Court retains supplemental jurisdiction over Plaintiff's state law claims. The Parties are hereby **ORDERED** to contact Magistrate Judge Kevin Nathanial Fox to schedule a Pre-Trial Conference.

**SO ORDERED.**

Dated:     June 3, 2019
               New York, New York

                                                   **ANDREW L. CARTER, JR.**
                                                   **United States District Judge**